UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Glen Strickland, Jr., | ) | Civil Action No. 9:19-247-BHH |
|                       Plaintiff, | ) ) ) | |
| vs. | ) ) | **OPINION AND ORDER** |
| Captain A. Sanderson and Lt. H. Sims, | ) ) ) | |
|                       Defendants. | ) ) | |

Plaintiff Glen Strickland, Jr. ("Plaintiff"), a frequent filer of *pro se* litigation in this Court, brought this civil action pursuant to 42 U.S.C § 1983, alleging violations of his constitutional rights. (ECF. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on April 28, 2020. (ECF No. 33.) In his Report, the Magistrate Judge recommends that the Court grant the Defendants Captain A. Sanderson and Lt. H. Sims' ("Defendants") motion for summary judgment (ECF No. 27) and dismiss this case. (ECF No. 33 at 17.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## **BACKGROUND**

Magistrate Judge Marchant issued the Report on April 28, 2020. (ECF No. 33.) On

---

[1] As always, the Court says only what is necessary to address Defendants' objection against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exist there.

1

May 12, 2020, Defendants filed an objection to the Report insofar as it failed to address whether this action should be counted as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act. (ECF No. 34.) The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge first found that Defendants are not entitled to summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies with respect to his § 1983 excessive force claim. (ECF No. 33 at 10–12.) Next, Magistrate Judge Marchant found that Defendants motion for summary judgment should be granted because the evidence submitted does not establish a genuine issue of fact as to whether Plaintiff was subjected to an unconstitutionally excessive use of force. (*Id.* at 12–17.)

Plaintiff did not object to this conclusion and the Court finds no error in the Magistrate Judge's analysis or recommendation. Consequently, the recommendation is adopted.

Defendants do not object to the substance of the Magistrate Judge's findings and recommendations regarding disposition of Plaintiff's claim and dismissal of the case. (*See* ECF No. 34.) Accordingly, the only issue still requiring the Court's consideration is Defendants' objection regarding the Report's failure to address whether this action should count as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act ("PLRA"), which the Court will now address *de novo*.

Defendants argue that this case should be designated as a strike pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(1) and 1915A(b)(1), because the lawsuit is baseless and constitutes a waste of judicial resources. (*See* ECF No. 34 at 2–7.) This action is one of eight *pro se* lawsuits in this district—seven of which have been assigned to the undersigned—that Plaintiff has filed *in forma pauperis* alleging similar or identical claims each time he is transferred to a new confinement facility. (*See id.* at 3–7 (summarizing the history of Plaintiff's lawsuits in the District of South Carolina and identifying repeated allegations).) Indeed, the undersigned has recently conducted analyses of whether certain other lawsuits brought by Plaintiff and assigned to the Court should count as a strike and found, depending on the circumstances, both that they should (*see* ECF No. 48, *Strickland v. Robinson, et al.*, No. 9:18-cv-793 (D.S.C. Sept. 11, 2019); ECF No. 75, *Strickland v. Parish, et al.*, No. 9:18-cv-504 (D.S.C. March 3, 2020)), and that they should not (*see* ECF No. 103, *Strickland v. Blackwell, et al.*, No. 9:18-cv-104 (D.S.C. March 2, 2019); ECF No. 59, *Strickland v. Ford, et al.*, No. 9:18-cv-503 (D.S.C. September 12, 2019)). The Court agrees that the instant case should count as a strike against Plaintiff

3

and sustains the objection. Plaintiff has repeatedly filed lawsuits alleging virtually identical claims at each correctional institution to which he is transferred. These lawsuits have often included specious allegations regarding Plaintiff supposedly being harassed, his food supposedly being tampered with, and corrections officers supposedly saying rude things to him. These allegations come in the context of Plaintiff, by his own admission, spitting on corrections officers, throwing feces on them, and causing various disturbances with the officers and other inmates. Where the Court has found that Plaintiff's complaints should not count as a strike against him under the PLRA, it is because, though ultimately unsuccessful at surviving summary judgment, he raised colorable claims of excessive force pertaining to physical altercations he had with corrections officers. The instant case is distinguishable because Plaintiff's own allegations state that he got into a physical altercation with corrections officers following: (1) his refusal to enter a cell to which he was being transferred; (2) having to be restrained; and (3) spitting on at least one of the officers. (*See* ECF No. 1 at 5–8.) Moreover, while Plaintiff alleges that he suffered specific, extensive injuries from the altercation (*see id.* at 9), he failed to produce evidence of injury and all record evidence is to the contrary (*see* ECF No. 27-9 at 2 (Plaintiff's medical record from the date in question indicating redness of face and eyes due to chemical munitions and "NO INJURIES NOTED AT THIS TIME")). Accordingly, the Report is hereby modified to include an additional finding that this action counts as a strike for purposes of the Prison Litigation Reform Act and §§ 1915(e)(2)(b)(1) and 1915A(b)(1) because the Court finds the allegations to be frivolous.

## **CONCLUSION**

For the reasons set forth above, the Report (ECF No. 33) of the Magistrate Judge

4

is ADOPTED and incorporated herein. Defendants' motion for summary judgment (ECF No. 27) is GRANTED and this action is dismissed. Defendants' objection (ECF No. 34) is SUSTAINED to the extent that it seeks a ruling regarding whether this action constitutes a strike for purposes of the Prison Litigation Reform Act. Accordingly, the Report is MODIFIED to include an additional finding that this action counts as a strike against Plaintiff because the Court finds the allegations to be frivolous under 28 U.S.C. §§ 1915(e)(2)(b)(1) and 1915A(b)(1).

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

October 27, 2020
Charleston, South Carolina